IN THE SUPREME COURT OF THE STATE OF DELAWARE

WINSTON L. TANNIS,[1]     §
           §   No. 129, 2021
   Respondent Below,    §
   Appellant,       §
           §   Court Below–Family Court
   v.          §   of the State of Delaware
           §
LEORA D. MOEN,      §
           §   File No. 19-08-05TS
   Petitioner Below,     §   Petition No. 19-23599
   Appellee.       §

Submitted: September 24, 2021
Decided: December 10, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the appellant's brief filed under Supreme Court Rule 26.1(c), his attorney's motion to withdraw, the appellee's response, and the record on appeal, it appears to the Court that:

(1)  By order dated April 7, 2021, the Family Court terminated the parental rights of the appellant, Winston L. Tannis (the "Father") with respect to his eight-year-old daughter (the "Child").[2] The Father has appealed.

(2)  The Father's appointed counsel on appeal has filed an opening brief and

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

[2] The Family Court's order also terminated the parental rights of the Child's mother, who is not a party to this appeal. We recite only the facts in the record that relate to the Father's appeal.

motion to withdraw under Rule 26.1(c). Counsel asserts that he has conducted a conscientious review of the record and the relevant law and has determined that the appeal is wholly without merit. In accordance with Rule 26.1(c)(i), however, counsel has identified one arguably appealable claim for the Court to consider. Counsel informed the Father of the provisions of Rule 26.1(c), provided him with a copy of counsel's motion to withdraw and the accompanying brief, and advised him that he could submit in writing any additional points for the Court's consideration on appeal. The Father has not identified any points for the Court's consideration. The appellee, Leora Moen (the "Maternal Grandmother"), has filed a response to counsel's Rule 26.1(c) brief and argues that the Family Court's judgment should be affirmed.

(3) The record reflects that on February 12, 2013—when the Child was less than two months old—the Family Court awarded the Maternal Grandmother guardianship of the Child with the consent of her parents. Under the terms of the court's order, visitation between the Child and her parents was permitted. In August 2019, the Maternal Grandmother filed a petition ("TPR Petition") seeking to terminate the parental rights of the Child's parents on the grounds of abandonment (intentional and unintentional) and failure to plan. At the Father's request, the Family Court appointed counsel to represent him in the TPR proceedings.

(4) On September 29, 2020, the parties convened via the Zoom video-

conferencing platform for the TPR hearing. Because the Child's mother consented to the TPR Petition, the evidence presented at the hearing primarily concerned the Father's involvement in the Child's life and his ability to assume her care. The Family Court heard testimony from the Father, the Child's licensed clinical social worker, an ex-girlfriend of the Father's with whom he shares two children, the ex-girlfriend's sister, the ex-girlfriend's mother, the Maternal Grandmother's former mother-in-law, the Maternal Grandmother's current mother-in-law, the Maternal Grandmother's husband, the Maternal Grandmother, the social worker who conducted a court-ordered social study, and the Father's mother.

(5) The testimony at the TPR hearing fairly established that, on multiple occasions, the Father asked the Maternal Grandmother for pictures of the Child and updates on the Child's milestones. However, the evidence presented also reflected that the Father: (i) failed to follow through with planned visits and last visited with the Child in the spring of 2018; (ii) has never petitioned the Family Court for visitation; (iii) owes over nine thousand dollars in back child support; (iv) has never contacted the Child's daycare or school; (v) has not attended any of the Child's doctor's appointments since 2014; (vi) has been incarcerated for much of the Child's life; (vii) has a history of domestic violence; and (viii) failed to participate in the court-ordered social study. The testimony also established that the Child has lived continuously with the Maternal Grandmother since 2013 and has a loving

3

relationship with the Maternal Grandmother and her husband.

(6)     Following the hearing, the Family Court issued a written decision on April 7, 2021.  The court rejected the Maternal Grandmother's argument that termination of the Father's parental rights was appropriate due to intentional abandonment.  But the court found by clear and convincing evidence that the Father had unintentionally abandoned the Child[3] and that the Father had failed to plan for the Child.[4]  After balancing the best-interests factors under 13 *Del. C.* § 722(a), the court also found by clear and convincing evidence that termination of the Father's parental rights was in the Child's best interest.[5]

(7)     Our review of the Family Court's decision to terminate an individual's parental rights involves consideration of the facts and law, as well as the inferences and deductions made by the Family Court.[6]  We review legal rulings *de novo*.[7]  We conduct a limited review of the factual findings of the Family Court to assure that they are sufficiently supported by the record and are not clearly erroneous.[8]  If the trial judge has correctly applied the law, our review is limited to abuse of discretion.[9]

---

[3] 13 *Del. C.* § 1103(a)(2)b.
[4] *Id.* § 1103(a)(5)b.
[5] *Id.* § 1103(a).
[6] *Wilson v. Div. of Fam. Servs.*, 988 A.2d 435, 439-40 (Del. 2010).
[7] *Id.* at 440.
[8] *Id.*
[9] *Id.*

4

(8) The statutory procedure for terminating parental rights requires two separate inquiries.[10] First, the Family Court must determine whether the evidence presented satisfies one of the statutory grounds for termination.[11] Second, the court must determine whether termination of parental rights is in the best interest of the child.[12] Both of these statutory requirements must be established by clear and convincing evidence.[13]

(9) The Father has not submitted any points for this Court's consideration on appeal. Appointed counsel has set forth one arguable issue, namely that the Family Court, when considering the best-interests factors, gave too little weight to the Father's opposition to the TPR Petition and to the fact that, due to her young age, the Child was capable of adjusting to being placed in the Father's care.

(10) This Court has carefully reviewed the record, including the TPR hearing transcript, the Family Court's decision, and the positions of the parties. We agree with counsel that the Family Court should have found that the Father's wishes weighed against termination when it weighed the best-interests factors. But the record reflects ample evidence to support the Family Court's termination of the Father's parental rights based on unintentional abandonment and failure to plan and

---

[10] *Shepherd v. Clemens*, 752 A.2d 533, 536-37 (Del. 2000).

[11] *Id.* at 537.

[12] *Id. See also* 13 *Del. C.* § 1103(a); 13 *Del. C.* § 722(a) (listing factors to be considered when determining the best interest of the child).

[13] *Powell v. DSCYF*, 963 A.2d 724, 731 (Del. 2008).

that such termination is clearly in the Child's best interest. We therefore conclude that the Father's appeal is wholly without merit and devoid of any arguably appealable issue. And we are satisfied that the Father's counsel made a conscientious effort to examine the record and the law and properly determined that the Father could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice